UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

KENNETH THOMAS.
        Plaintiff,

v.

STATE OF NEVADA, *et al.*,

        Defendants.

Case No. 3:18-cv-00478-MMD-CBC

ORDER

On October 21, 2019, this Court issued a screening order that dismissed with prejudice Plaintiff's due process claims and dismissed without prejudice Plaintiff's equal protection and state law claims. (ECF No. 3 at 7.) On October 30, 2019, Plaintiff filed a motion requesting reconsideration of the Court's screening order. (ECF No. 5 at 1–3.) Plaintiff argues that the Court erred in stating that he did not have a liberty interest in an earlier parole eligibility date. (*Id.*)

A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003). Reconsideration is appropriate if this Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *Brown v. Kinross Gold, U.S.A.*, 378 F. Supp. 2d 1280, 1288 (D. Nev. 2005).

In its screening order, the Court concluded that Plaintiff could not raise a due process claim based on his parole eligibility date because under Nevada law, inmates do not have a liberty interest in parole or parole eligibility. (ECF No. 3 at 4.) Plaintiff argues

that once a court sentences a defendant to a term that includes a parole eligibility date, the Court creates a liberty interest in parole. (ECF No. 5 at 2.) Plaintiff cites to no caselaw to support this position, and his argument is contrary to established precedent. *See Moor v. Palmer*, 603 F.3d 658, 661–62 (9th Cir. 2010) (stating that Nevada's statutory parole scheme does not create a liberty interest in parole); *see also* NRS § 213.10705 (stating that "[t]he Legislature finds and declares that the release or continuation of a person on parole or probation is an act of grace of the State. No person has a right to parole or probation . . . and it is not intended that the establishment of standards relating thereto create any such right or interest in liberty or property or establish a basis for any cause of action against the State, its political subdivisions, agencies, boards, commissions, departments, officers or employees").

The Court finds that it did not commit clear error in dismissing Plaintiff's due process claim on the grounds that he could not establish a liberty interest in parole eligibility. As such, the Court denies Plaintiff's request for reconsideration.

It is therefore ordered that the motion to reconsider the screening order (ECF No. 5) is denied.

DATED THIS 5th day of November 2019.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE